UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA JHONSON

     Plaintiff,

v.                                   CASE NO.:

NAVIENT SOLUTIONS, LLC

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Felicia Jhonson, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the

**\*1256** scourge of modern civilization, they wake us up in the morning; they

interrupt our dinner at night; they force the sick and elderly out of bed; they hound

us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821

(1991).   Senator Hollings presumably intended to give telephone subscribers

another option: telling the autodialers to simply stop calling." *Osorio v. State*

*Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC),

"Unwanted calls and texts are the number one complaint to the FCC.  There are

thousands of complaints to the FCC every month on both telemarketing and

robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact*

*Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted*

*Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May

27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## **JURISDICTION AND VENUE**

5.      Jurisdiction and venue for purposes of this action are appropriate and

conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action

involves violations of the TCPA.

6.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Fulton County, GA. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Georgia, residing in Fulton County, Georgia.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, NAVIENT SOLUTIONS, LLC, (hereinafter "Defendant"), is a corporation with its principal place of business located at 2100 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Georgia, through its Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

11. Defendant called Plaintiff approximately two hundred fifty (250) times in an attempt to collect a student loan debt.

12. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from Defendant

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 404 *** 1437 and was the called party and recipient of Defendant's calls.

4

14.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone 404 *** 1437 in an attempt to collect on a student loan.

15.     The autodialer calls from Defendant came from telephone numbers including but not limited to (260) 702-8361; (272) 888-3153; and (272) 888-3154, and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to NAVIENT SOLUTIONS, LLC.

16.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone. Specifically, approximately two years ago Plaintiff told Defendant that she had undergone brain surgery and was unable to pay and to "please stop calling." Plaintiff again revoked her consent to receive automated calls in February of 2017 when she told Defendant's agent to "stop calling."

17.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or , to remove the number.

19.    Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

20.    Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21.    Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22.    Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23.    Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

24.    Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25.    Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26.    Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27.    From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

28.    From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

29.    From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call

notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

30. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

32. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

33.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

34.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, and aggravation.

<u>**COUNT I**</u>
**(Violation of the TCPA)**

35.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified  that Plaintiff wished for the calls to stop

37.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

> */s/Octavio Gomez*
> Octavio "Tav" Gomez, Esquire
> Georgia Bar #: 617963
> Morgan & Morgan, Tampa, P.A.
> 201 North Franklin Street, 7th Floor
> Tampa, FL 33602
> Telephone: (813) 223-5505
> Facsimile:  (813) 223-5402
> tgomez@forthepeople.com
> fkerney@forthepeople.com
> jkneeland@forthepeople.com
> amoore2@forthepeople.com
> Attorney for Plaintiff